UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS ALLEN CLARK,

    Petitioner,

v.

CLARK COUNTY AND THE STATE OF WASHINGTON

    Respondents.

Case No. C06-5015RJB

ORDER TO AMEND AND SHOW CAUSE

    This habeas corpus petition has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Dkt. # 5). Petitioner names the State of Washington and Clark County as respondents. 28 U.S.C. § 2243 indicates that writs are to be directed "to the person having custody of the person detained". This person typically is the superintendent of the facility in which the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. <u>Stanley v. California</u>

ORDER

Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).   Information in the petition shows petitioner is housed at the Mc Neil Island Corrections Center and the superintendent of that facility is the proper respondent.

Petitioner is ordered to file an amended petition or a motion to change the case caption and petitioner must name the superintendent of the facility where he is incarcerated.  The new petition or motion must be filed on of before **April 7th, 2006** or the court will recommend dismissal of this petition on jurisdictional grounds.

In addition petitioner should address the time bar issue in this action.  Petitioner allegedly plead guilty to two counts of molestation and was sentenced on October 27th, 1999. (Dkt. # 1-2, page 1).  It does not appear any direct appeal was filed.  Petitioner provides information showing a personal restraint petition was decided in 2005 but he provides no information as to when he filed that petition. (Dkt. # 1-2, page 2).  Petitioner's sentence became final for purposes of habeas corpus on October 27th, 1999.  He had until October 7th, 2000 to file a federal habeas corpus action..

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

While it appears this action may be time barred petitioner has not provided the court with the date he first filed for relief in state court.  That information will also be due in court on or before

ORDER

1    **April 7th, 2006.**

2        The clerk is ordered to send copies of this order to the petitioner and to note this matter for

3    the courts **April 7th, 2006** calendar.

5        DATED this 2nd day of March, 2006.

                                                  Karen L. Strombom
                                                  United States Magistrate Judge

28    ORDER