1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS ALLEN CLARK,

                     Petitioner,

        v.

ALICE PAYNE,

                     Respondent.

Case No.  C06-5015 RJB/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**SEPTEMBER 1, 2006**

     This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner filed this action under 28 U.S.C. § 2254.

## I.  SUMMARY CONCLUSION

     Petitioner challenges his 1999 Clark County conviction.  Respondent argues that the petition is time barred.  The court agrees that the petition is time barred and recommends that the petition be **DISMISSED WITH PREJUDICE**.

## II.  STATEMENT OF THE CASE

     Petitioner is in custody pursuant to his 1999 Clark County convictions by guilty plea on two counts of child molestation.  (Dkt. # 23, Exh. 1; Exh. 2).  Petitioner did not appeal from the judgment and sentence.  Petitioner's convictions therefore became final upon entry in 1999.

Petitioner filed a post-conviction motion in the superior court on June 9, 2003.  (Id. at Exh. 3, Exh. 4).  The court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition.  (Id. at Exh. 5).  The prosecution filed a response to the petition. (Id. at Exh. 6).  The Washington Court of Appeals dismissed the petition as time barred under RCW 10.73.090.   (Id. at Exh. 7).

Petitioner filed a motion seeking reconsideration of the order dismissing his petition.  (Id. at Exh. 8).  The Washington Supreme Court treated the motion for reconsideration as a motion for discretionary review.  (Id. at Exh. 9).  The Commissioner of the Washington Supreme Court denied review, ruling the personal restraint petition was time barred under RCW 10.73.090.  (Id. at Exh.10).  Petitioner moved to modify the Commissioner's ruling denying review.  (Id. at Exh. 11; Exh. 12; Exh. 13).   The Washington Supreme Court denied the motion to modify on May 4, 2004.  (Id. at Exh. 14).  The Washington Court of Appeals issued a certificate of finality on May 4, 2004. (Id. at Exh. 15).

Petitioner filed a state habeas corpus petition in the superior court on August 31, 2004.  (Id. at Exh. 16).  The superior court transferred the petition to the Washington Court of Appeals for consideration as a personal restraint petition.  (Id. at Exh. 17-20).  The Washington Court of Appeals subsequently dismissed the petition, holding that the petition was time barred under RCW 10.73.090 and was a successive petition under RCW 10.73.140.  (Id. at Exh. 21).  Petitioner then sought review by the Washington Supreme Court.  (Id. at Exh. 22).  The Commissioner of the Washington Supreme Court denied review, ruling that the court of appeals correctly dismissed the personal restraint petition.  (Id. at Exh. 23).  Petitioner then filed an "appeal," which the Washington Supreme Court construed as a motion to modify the Commissioner's ruling.  (Id. at Exh. 24; Exh. 25).  The Washington Supreme Court denied the motion to modify on November 2, 2005.  (Id. at Exh. 26).

The Washington Court of Appeals issued a certificate of finality on November 17, 2005.  (Id. at Exh. 27).   Petitioner signed his federal habeas corpus petition on January 16, 2006.  (Dkt. # 1).[1]

### III.  ISSUES

Petitioner presents the court with the following ground for habeas corpus relief:

That the sentencing Court did not have jurisdiction to sentence [petitioner] above the Standard range.

(Dkt. # 1, at 6).

### IV.  EXHAUSTION OF STATE REMEDIES

Because the petition is untimely under the statute of limitations, 28 U.S.C. § 2244(d), the Court need not determine whether Petitioner properly exhausted his available state remedies.  28 U.S.C. § 2254(b)(2).

### V.  EVIDENTIARY HEARING

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense . . . .

28 U.S.C. § 2254(e)(2).

The decision to hold a hearing is committed to the court's discretion.  Williams v. Woodford, 306 F.3d 665, 688 (9th Cir. 2002).  A hearing is not required unless the petitioner "alleges facts which, if proved, would entitle him to relief."  Townsend v. Sain, 372 U.S. 293, 312 (1963). The

---

[1]When petitioner first submitted his proposed petition for filing with the court, it was not signed.  He submitted a signed page 15 and it was separately docketed by the Clerk on January 20, 2006.

REPORT AND RECOMMENDATION
Page - 3

1  petitioner must produce some evidence demonstrating the existence of a genuine question of material

2  fact. Morris v. State of California, 966 F.2d 448, 454-55 (9th Cir. 1991), cert. denied, 506 U.S. 831

3  (1992). A hearing is not required if the claim presents a purely legal question or may be resolved by

4  reference to the state court record. Campbell v. Wood, 18 F.2d 662, 679 (9th Cir.) (en banc), cert.

5  denied, 511 U.S. 1119 (1994). Because the petition in this case is untimely, Petitioner cannot satisfy

6  these standards, and he is not entitled to an evidentiary hearing.

7

8                              **VI.  STANDARD OF REVIEW**

9          A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to

10  a judgment of a state court, shall not be granted with respect to any claim that was adjudicated on

11  the  merits in State court proceedings unless the adjudication of the claim:

12

13          (1)     resulted in a decision that was contrary to, or involved an unreasonable
                   application of, clearly established Federal law, as determined by the Supreme
14                 Court of the United States; or

15          (2)     resulted in a decision that was based on an unreasonable determination of the
                   facts in light of the evidence presented in the State court proceeding.
16

17  28 U.S.C. § 2254(d).

18          State court judgments carry a presumption of finality and legality. McKenzie v. McCormick,

19  27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995). Federal habeas corpus

20  relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). The petitioner

21  must prove the custody violates the Constitution, laws or treaties of the United States. McKenzie,

22  27 F.3d at 1418-19. If a petitioner establishes a constitutional trial error, the Court must determine

23  if the error caused actual prejudice. Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993).

24

25

26                              **VII.  DISCUSSION**

27

28  **A.      The Habeas Corpus Petition is Untimely Under The Federal Statute Of**

REPORT AND RECOMMENDATION
Page - 4

**Limitations, 28 U.S.C. § 2244(D).**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d).  Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

(A)     the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

( C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari.  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review."  Sup. Ct. Rule 13(1).

In this case, Petitioner did not file a direct appeal from his judgment and sentence.  The superior court entered Petitioner's judgment and sentence on October 21, 1999.  (Dkt. # 23, Exh. 1). Even if the 30-day time period for filing a notice of appeal is taken into account, the judgment became final no later than November 22, 1999.   Therefore, the statute of limitations began to run no later than November 22, 1999.  The statute of limitations ran for 365 days and expired on November 22, 2000.  Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Nino v. Galaza, 183 F.3d 1003

1    (9th Cir. 1999).   Petitioner signed his federal habeas corpus petition on January 16, 2006.

2         Because Petitioner did not file his federal habeas corpus petition by November 22, 2000, the

3    petition is untimely under the statute of limitations, 28 U.S.C. § 2244(d)(1).   In addition, petitioner's

4    first state court post-conviction challenge was not filed until June, 2003, more than two years after

5    the statute of limitations had already expired.   Thus, that collateral challenge did not toll the statute

6    of limitations while the petition was pending in state court.   *See e.g.,* 28 U.S.C. § 2244(d)(2); Artuz

7    v. Bennett, 531 U.S. 4 (2000); Pace v. DiGuglielmo, 544 U.S. 408 (2005).

8

9         **B.    Equitable Tolling Is Unavailable**

10        Although the "AEDPA's statute of limitations is subject to equitable tolling," it is

11   "unavailable in most cases." Corjasso, 278 F.3d at 877 (citation omitted).   Equitable tolling "is

12   appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to

13   file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.

14   2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001).   "External forces," not petitioner's

15
16   "lack of diligence" must account for his failure to file a timely petition.   Miles v. Prunty, 187 F.3d

17   1104, 1107 (9th Cir. 1999).   As the Ninth Circuit Court of Appeals has held:

18              It will normally be much more difficult for a prisoner to demonstrate causation
19              where he encounters the "extraordinary circumstances" in the beginning or middle
                of the limitations period than where he encounters them at the end of limitations
20              period. This is the case because, if the prisoner is diligently pursuing his habeas
                petition, the one-year limitations period will ordinarily give him ample opportunity
21              to overcome such early obstacles.

22

23   Allen, 255 F.3d at 800.   Ignorance of the law, "even for an incarcerated pro se petitioner,

24   generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir.

25   2000).

26        On March 2, 2006, the court ordered the petitioner to show cause why his petition

27   should not be dismissed as time barred.   (Dkt. # 9).   Petitioner responded by providing

28

REPORT AND RECOMMENDATION
Page - 6

documents he originally filed in state court on October 30, 2003 and July 16, 2004, in which petitioner contended that his petition was exempt from the one-year bar because the trial court had exceeded its jurisdiction in sentencing him and based on "newly discovered evidence." (Dkt. # 24).  On December 16, 2003, the Washington Court of Appeals dismissed petitioner's personal restraint petition under RCW 10.73.090 as untimely, finding petitioner's contentions unpersuasive.  The court of appeals noted that even if the trial court had miscalculated petitioner's offenders score, which was calculated as a three, the court had imposed concurrent 120-month sentences for convictions punishable by life in prison.  Thus, it did not exceed its jurisdiction in sentencing petitioner as it did.  (Dkt. # 23, Exh. 7 at p. 2, citing In re Vehlewald, 92 Wn. App. 197, 201-01 (1998)).  In addition, the appellate court found that the newly discovered evidence to which petitioner referred consisted of letters and affidavits written from 2001 to 2003 that concerned his defense attorney, his personal property and his former girlfriend's actions with regard to that property, and not to all of the issues raised in petitioner's personal restraint petition.  (Id.).

In this case, petitioner urges again that the delay in filing his post-conviction appeals was caused by his attorney, who did nothing for over a year and who was later disbarred in 2001.  (Dkt. #24, p. 4).  Notwithstanding his counsel's apparent lack of diligence, petitioner also acknowledges that he did nothing to protect his appeal rights "for over a year."  (Dkt. # 15, 24-25).

There is no evidence in this case of extraordinary circumstances beyond petitioner's control that made it impossible for him to file his petition on time.   Therefore, the petition is barred and must be dismissed under 28 U.S.C. § 2244(d).

## VIII. CONCLUSION

1
2

      This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this Report and Recommendation.

3
4
5
6
7
8
9

      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 1, 2006,**  as noted in the caption.

10
11
12

      Dated this 4th day of August, 2006.

13
14
15

                         Karen L. Strombom
                         United States Magistrate Judge

16
17
18
19
20
21
22
23
24
25
26
27
28